UNITED STATES of America, Plaintiff,

v.

METROPOLITAN PETROLEUM CO., INC. and Metropolitan Fuel Oil Co., Defendants.

No. 89–0802–CIV.

United States District Court, S.D. Florida.

March 30, 1990.

Robert K. Senior, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Jerry K. Kern, Delray Beach, Fla., William L. Taylor, Alexandria, Va., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

NESBITT, District Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment, filed December 28, 1989, Defendants' Motion to Remand or for Partial Summary Judgment, filed January 22, 1990, and Plaintiff's Motion to Strike, filed February 20, 1990. After due consideration, it is hereby ORDERED and ADJUDGED that Plaintiff's Motion for Summary Judgment is GRANTED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff United States of America brings this action for restitution against Defendants Metropolitan Petroleum Co. and Metropolitan Fuel Oil Co. pursuant to § 209 of the Economic Stabilization Act of 1970. Plaintiff seeks enforcement of a June 3, 1986 Department of Energy ("DOE") Remedial Order. The Remedial Order found that Defendants had violated Mandatory

Petroleum Price and Allocation Regulations, and it ordered them to remit the resulting overcharges in the amount of $173,239.09 plus interest from the date of the violation. The Court has jurisdiction pursuant to §§ 209 and 211 of the Economic Stabilization Act, 12 U.S.C. § 1904 note, §§ 209 and 211, as incorporated into § 5(a)(1) of the Emergency Petroleum Allocation Act, 15 U.S.C. § 754(a)(1), and § 301(a) of the Department of Energy Organization Act ("DOEOA"), 42 U.S.C. § 7151(a).

The lengthy administrative process in this case began with an audit by the Economic Regulatory Administration ("ERA") of the records of Defendants to determine whether it had sold motor gasoline in excess of the maximum lawful selling price allowed under 10 C.F.R. Part 212, Subpart F of the Mandatory Petroleum Price Regulations. Following a review of the audit results, ERA issued a Proposed Remedial Order ("PRO") in early 1982. The PRO alleged that Defendants' actions during a five-month period in 1979 resulted in approximately $173,000 in overcharges. Defendants filed a Statement of Objections to the PRO.

On June 3, 1986, over four years after the PRO was issued, and after a review of the PRO, Defendants' Objections, and DOE's response, the Office of Hearings and Appeals of DOE issued a Remedial Order affirming the PRO. The Order required Metropolitan to remit to the DOE $173,239.09 in overcharges, plus interest from the date of the violation.

Defendants timely appealed the Remedial Order to the Federal Energy Regulatory Commission ("FERC"), as provided in § 503 of the DOEOA, 42 U.S.C. § 7193(b)–(c). Both Defendants and the DOE filed briefs, and Defendants also filed reply comments on findings of fact and conclusions of law. Neither party requested an oral hearing before the FERC.

On July 2, 1987, the FERC issued a final order affirming the Remedial Order. As provided in 42 U.S.C. § 7193(c), this order constituted a "final agency action" for the purposes of judicial review. Thus, pursuant to 15 U.S.C. § 4504(e), Defendants had sixty days in which to seek review of the FERC's order. However, despite having been through approximately six years of administrative proceedings and appeals, Defendants failed to seek such review either within sixty days or during the nearly two years that elapsed between the issuance of the final order and the filing of this enforcement action by Plaintiff.

On October 26, 1987, an official of the Economic Regulatory Administration sent a letter requesting payment pursuant to the terms set out in the Remedial Order. In the over two and one half years that have elapsed since the FERC issued its final order, Defendants have never made any payment to the DOE.

Plaintiff now seeks enforcement of the Remedial Order. As of December 31, 1989, interest on the overcharges totaled $410,551.97, and it accrues at $167.83 per day. In addition, because of Defendants' failure to comply with the Remedial Order, Plaintiff seeks civil penalties pursuant to 15 U.S.C. § 754(a)(3)(A) and 10 C.F.R. §§ 205.203(a) and (b).

In their answer, Defendants have asserted several affirmative defenses challenging the rulemaking procedures of the DOE and the substantive conclusions of the FERC. Among other things, Defendants contend that the DOE, without providing advance notice and an opportunity for comment, issued a new interpretation of its regulations and unlawfully applied this new interpretation retroactively against Defendants. Defendants assert that they acted with the good-faith belief that their prices were in substantial compliance with then-existing applicable regulations, and that they have acted in good faith throughout the administrative process.

## DISCUSSION

■ Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "there is no genuine issue as to any material fact and [if] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates summary judgment against

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Further, there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

Plaintiff seeks summary judgment as to both the restitution and the civil penalty claims. Plaintiff's motion for summary judgment on the restitution claim is based entirely on the assertion that Defendants' failure to seek review of the FERC's order within sixty days of its issuance, as required by 15 U.S.C. § 4504(e), bars any review of the agency order by this Court. Plaintiff therefore asserts that it is entitled to summary enforcement of the Remedial Order. Plaintiff also claims that there exists no genuine issue of material fact which would preclude the Court from resolving the civil penalty issue at this stage of the litigation.

Defendants oppose Plaintiff's motion essentially on four grounds: (1) § 4504(e) does not apply to this action; (2) even if § 4504(e) is applicable, Defendants' challenge to the scope of the DOE's authority in not precluded by the statute of limitations; (3) genuine issues of material fact exists concerning the remedial order; and (4) genuine issues of material fact exist regarding the assessment of civil penalties. The Court shall address each of these arguments.

## A. *Restitution*

■ In late 1986, Congress enacted the Petroleum Overcharge Distribution and Restitution Act of 1986 ("PODRA"). Section 3005(e)(1) of this Act, codified at 15

U.S.C. § 4504(e), governs the time within which a party may initiate review of a DOE order. § 4504(e) provides that *"Any review* of a final agency action determined under section 503 or 504 of the Department of Energy Organization Act may not be initiated in any court by any party subject to such action after ... 60 days after the effective date of that action." 15 U.S.C. § 4504(e) (emphasis added). The July 2, 1987 decision of the FERC affirming the Remedial Order constitutes "final agency action" for the purposes of § 4504(e). *See* 42 U.S.C. § 7193(c). The statute of limitations for initiating judicial review of the FERC order therefore expired in early September, 1987.

The only reported case interpreting § 4504(e) is *ICG Petroleum, Inc. v. United States Department of Energy*, 883 F.2d 80 (Em.App.1989). In *ICG*, the plaintiff petroleum company had instituted the action nearly 10 months after the PODRA statute of limitations had expired. The Emergency Court of Appeals,[1] relying on § 4504(e), affirmed the district court's dismissal of an action seeking judicial review of a FERC order denying exemption from various regulations.

In rejecting the petroleum company's arguments, the Emergency Court of Appeals broadly read the statute of limitations. Relying on the maxims that the ordinary meaning of a statute's language must usually be regarded as conclusive and that limitations provisions in statutes must be strictly construed, the court emphasized that the express language of the statute states that it applies to *"[a]ny review* of a final agency action." *Id.* at 81 (emphasis in original). The court also declined to hold that a district court has the equitable power to toll the running of the statute. *Id.* at 81–82.

Defendants attempt to distinguish *ICG* by arguing that Congress intended to foreclose belated review of agency actions only in suits initiated by the party seeking such review. Defendants state that the limita-

---

1. The Temporary Emergency Court of Appeals has exclusive nationwide jurisdiction over district court decisions interpreting the Economic Stabilization Act and the Emergency Petroleum Allocation Act. 12 U.S.C. § 1904 note § 211(e)(2).

tions statute should not apply because, unlike the petroleum company in *ICG*, they are not the plaintiffs in this case, and thus their attempt to initiate review of the Remedial Order has not delayed the commencement of this civil enforcement action. Defendants also claim that 42 U.S.C. § 7192(b) provides that, notwithstanding the statute of limitations, this Court may review an agency action where the initiation of review is sought by way of defense to an enforcement action, provided that the party seeking review has timely notified the DOE of its intention to appeal the issuance of the Remedial Order to the FERC.

PODRA's main focus is the creation of mechanisms for the speedy resolution of government civil enforcement proceedings. *See ICG Petroleum*, 883 F.2d at 81. In § 4504(c), entitled "Expression of Intent," the statute indicates that Congress was concerned that the commencement of civil enforcement actions not be unnecessarily delayed. Of course, Congress' goal of quickly resolving enforcement proceedings would be entirely frustrated (and § 4504(e) would be rendered entirely ineffective) if a party adversely affected by agency action could ignore the sixty-day limitation statute, fail to comply with the remedial order, and simply wait for the government to bring an enforcement action. Though such a tactic would not delay the *commencement* of a civil enforcement action, it most certainly would seriously delay the *resolution* of these actions. Under Defendants' rather twisted interpretation, Congress' intent would be carried out even if the government's enforcement action languished in the district court so long as its "commencement" was not delayed.

The Court rejects this attempt to limit the scope of § 4504(e). The express language of the statute states that it applies whenever a party seeks to initiate review of an agency action. § 4504(e) is not limited to situations where a party initiates review of an agency action by filing suit. Rather, it applies equally where the affected party, such as the defendants in this case, seeks to initiate review of the agency action in its defenses to an enforcement action. *Cf. Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977) (collateral attack on agency decision barred by statute of limitations; "Congress' determination so to limit judicial review to the original decision ... is a policy choice obviously designed to forestall repetitive or belated litigation of stale ... claims. Our duty, of course, is to respect that choice.").

In addition to fulfilling the intent of Congress, this interpretation of § 4504(e) comports with general principles of interpretation of statutes of limitations. As recognized in *ICG*, the Supreme Court has repeatedly stated that, unless there exists a clearly expressed legislative intention to the contrary, the ordinary meaning of a statute must be regarded as conclusive. Further, civil statutes of limitations are to be liberally interpreted in favor of repose. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 464 n. 14, 30 L.Ed.2d 468 (1971); *United States v. Phillips*, 843 F.2d 438, 443 (11th Cir.1988). Moreover, statutes of limitations should receive a construction in favor of the government. *Cf. Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984). Accordingly, the Court holds that § 4504(e) applies in this case.[2]

**2.** Relying on *Sarfati v. Wood Holly Associates*, 874 F.2d 1523 (11th Cir.1989), a factually distinguishable case, Defendants make much of the fact that the statute of limitations is not codified at 42 U.S.C. §§ 7192 and 7193, the statutes containing Defendants' substantive right to contest the DOE's actions. Defendants argue that the statute must therefore be construed as a procedural mechanism and not as a limit on this Court's jurisdiction.

Contrary to the analysis in *Sarfati*, most courts do not distinguish among time limita-

tions set out in statutes. *See, e.g., Adkins v. Director, Office of Worker Compensation Programs*, 889 F.2d 1360, 1362 (4th Cir.1989); *Tiger International, Inc. v. Civil Aeronautics Board*, 554 F.2d 926, 931 n. 11 (9th Cir.) ("Time limitations for ... review set out in *statutes* are uniformly regarded as jurisdictional."), *cert. denied*, 434 U.S. 975, 98 S.Ct. 532, 54 L.Ed.2d 467 (1977). *See also* Stein, et al., Administrative Law § 45.04[1] at 45–48 n. 4. More importantly, the court in *ICG* declined to hold that the running of § 4504 can be equitably tolled. Be-

■ Defendants' argument that 42 U.S.C. § 7192(b) allows the Court to review the validity of the Remedial Order because they have been raised as defenses is without merit. Section 7192(b) provides that the district courts "have exclusive original jurisdiction of all other cases or controversies arising under this chapter." 42 U.S.C. § 7192(b). Read together with § 7192(a), the immediately preceding section, § 7192(b) can be interpreted to apply only to actions between private parties. *See Caribou Four Corners, Inc. v. American Oil Co.,* 628 F.Supp. 363, 371 (D.Utah 1985) (§ 7192(b) gives federal courts jurisdiction to hear disputes between private parties). Furthermore, the express language of § 7192(b) indicates that it applies only to cases which arise *exclusively* under the DOEOA. *See* 42 U.S.C. § 7192(b); *Caribou Four Corners, Inc.,* 628 F.Supp. at 371. This case is not brought exclusively under this Act. Finally, the reference in § 7192(b) to jurisdiction to hear defenses is intended only to grant the right to remove actions brought in state court if such defenses are raised.

■ Similarly, Defendants argue that they have the right to judicial review because, pursuant to 42 U.S.C. § 7193(b),[3] they timely notified the DOE of their intention to contest the remedial order. Defendants, pointing to the different language in § 7193(b) and § 4504(e), assert that if Congress had intended to preclude all review after 60 days, they would have used the language in § 7193(b).

This argument is unpersuasive. 42 U.S.C. § 7193(b) merely is a codification of the well-settled principle that a party which fails to exhaust administrative remedies cannot seek review of an intermediate administrative order by an Article III court. Exhausting administrative remedies does not entitle a party to ignore an otherwise valid statute of limitations. The different language used in the two statutory sections does not support the contention that a party's adherence to the requirements of § 7193(b) allows that party to request judicial review of a final agency action taken nearly three years ago.[4]

■ Defendants' next argument is that, even if § 4054(e) is applicable in this case, it should not preclude challenges to the validity of agency action.[5] To support this argument, Defendants rely on cases which hold that a jurisdictional withdrawal statute will not deprive a court of jurisdiction to hear constitutional claims or claims that the agency in question has exceeded its authority. *See, e.g., Graham v. Caston,* 568 F.2d 1092, 1097 (5th Cir.1978).

The well-settled principle of law cited by Defendants is inapplicable in this case. Here, judicial review was not precluded: Defendants were not deprived of the right to challenge an agency action taken without authority or otherwise invalid. If Defendants believed either that the DOE's procedures denied them due process or that the Department acted outside the scope of its authority, they could have sought review of the FERC's final order within the time limitation provided. This Court will not ignore an applicable statute of limitations merely because Defendants now

---

cause Defendants have presented no legitimate reason for its failure to challenge the Remedial Order for over two years, this Court likewise declines to hold that § 4504(e) can be equitably tolled. *See generally Rich v. Director, Office of Worker's Compensation Programs, Department of Labor,* 798 F.2d 432 (11th Cir.1986) (declining to equitably toll limitations statute applied to bar appeal of agency decision because appeal untimely by two days).

3. 42 U.S.C. § 7193(b) provides in part that "[i]f within thirty days … the person fails to notify the Secretary that he intends to contest the remedial order, [the order shall not be] subject to review by any court."

4. Defendants' attempted analogy to the waiver of statutes of limitations for counterclaims in defensive recoupment is similarly unpersuasive. Such a broad extension of the special rule for recoupment counterclaims is unsupported by precedent and would frustrate the intent of Congress.

5. Defendants claim that the agency action is invalid under 42 U.S.C. § 7193(g), which provides that. no remedial order may be issued if based on the retroactive application of a regulation if the company allegedly in violation relied in good-faith on then existing regulations. 42 U.S.C. § 7193(g).

choose to argue that the DOE exceeded its statutory authority. *See Block v. North Dakota ex rel Board of University and School Lands,* 461 U.S. 273, 103 S.Ct. 1811, 1822, 75 L.Ed.2d 840 (1983) ("A constitutional claim can become time-barred just as any other claim can"); *United States v. Howard Electric Co.,* 798 F.2d 392, 394 (10th Cir.1986) (defendant in enforcement proceeding precluded by limitations statute from challenging jurisdiction for agency decision; "A party may not collaterally attack the validity of a prior agency order in a subsequent proceeding"); *Western Nebraska Resources Council v. Environmental Protection Agency,* 793 F.2d 194, 198 (8th Cir.1986) (where petition for review is untimely filed, court may not hear even constitutional challenges to agency action).

Having concluded that § 4504(e) is both applicable and enforceable, the Court can summarily reject Defendants' third argument. Each of the asserted factual disputes relating to liability and to the appropriate interest rate to be applied go to the merits of the Remedial Order. Because the Court cannot and will not review the merits of the final agency action, factual issues relating to Defendants' liability for restitution of overcharges and accruing interest, including the issues of the asserted good-faith reliance on and compliance with DOE's regulations, are not material to Plaintiff's motion for summary judgment.[6]

▮ Where a plaintiff's right to recover in an enforcement action is based on a favorable administrative decision which is unreviewable, summary judgment can be appropriate. *See United States v. Blackwell,* 467 F.2d 1377 (5th Cir.1972) (affirming granting of summary judgment in suit seeking enforcement of agency order where agency findings were not subject to review). *See generally United States v.*

*Utah Construction & Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 1558–60, 16 L.Ed.2d 642 (1966) (discussing administrative *res judicata*).

▮ There are no genuine issues of fact material to Plaintiff's claim for restitution. On July 2, 1987, the FERC affirmed the Remedial Order which Plaintiff seeks to enforce. Pursuant to 42 U.S.C. § 7193(b), this affirmance constituted "final agency action" for the purposes of judicial review. Defendants did not initiate review of this action within the time period set out by 15 U.S.C. § 4504(e). Plaintiff is therefore entitled to summary enforcement of the Remedial Order. Accordingly, the Court GRANTS Plaintiff's Motion for Summary Judgment as to Count I.[7] Plaintiff shall recover the sum of $173,239.09 plus all accrued interest as provided in the Proposed Remedial Order of the Department of Energy.

### B. *Civil Penalties*

Plaintiff also seeks summary judgment on its second claim for civil penalties. Plaintiff claims that a penalty is appropriate (1) because of Defendants' continuing failure to comply with the Order of the FERC, (2) because of the resulting harm to the public and expense to the government, and (3) to deter future recalcitrance by other firms. Plaintiff seeks a penalty of $100,000.

▮ 15 U.S.C. § 754(a)(3) provides as follows: "(A) Whoever violates any provision of the regulation ... shall be subject to a civil penalty ... of not more than $10,000 for each violation; (B) Whoever willfully violates any provision of such regulation ... shall be fined not more than $20,000 for each violation." At 10 C.F.R. § 205.203(a)(2), the DOE interprets "each violation" to mean each day a firm fails to meet its obligations. *See United States v.*

---

6. Defendants urge that the award of prejudgment interest is within the discretion of trial court. If the Remedial Order were subject to judicial review, Defendants would be correct. In this case, however, the DOE's decision regarding interest rates is no longer reviewable. The prejudgment rates sought by Plaintiff were set out in the PRO, adopted in the Remedial

Order, and affirmed by the FERC. Defendants lost their opportunity to object to these rates when the statute of limitations expired in September, 1987.

7. Count I is referred to as "First Claim" in Plaintiff's Complaint.

*Ariz. Fuels Corp.,* 638 F.2d 239, 243 (Em. App.1980), *cert. denied,* 451 U.S. 985, 101 S.Ct. 2318, 68 L.Ed.2d 842 (1981). A finding of willfulness is not necessary under the statute in order to impose penalties. *Id.* Rather, the imposition of penalties is left to the discretion of the district court, to be exercised in light of all of the circumstances of the case at hand. *Local 117 v. United States,* 468 F.2d 946, 948 (Em.App. 1972).

Defendants have raised several arguments against granting summary judgment on the issue of penalties. Each of their arguments, however, raise legal issues which can be resolved at this stage of the litigation.

Citing a case decided prior to the Supreme Court decisions of *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), Defendants assert that the Court should not grant summary judgment if it cannot determine whether there exist mitigating circumstances which might reduce any penalties to be assessed.

Defendants misconstrue the standard for summary judgment. Once the moving party shows, or points out, that there are no genuine issues of material fact in dispute, the burden is on the nonmovant to produce probative evidence indicating otherwise. Defendants have submitted affidavits indicating that they have acted in good-faith and did not willingly violate any pricing regulations. Plaintiff, however, has not disputed this evidence. Further, from a review of the record the Court cannot find any evidence of disputed mitigating circumstances.

Defendants also argue that (1) a showing of good faith should preclude the imposition of penalties; (2) because of an argument presented its brief to the FERC, Plaintiff waived its right to seek penalties, and (3) the courts have not uniformly applied the DOE's "separate violation each day" interpretation. These are all legal arguments which go to the appropriateness of assessing penalties. They do not present factual disputes which would preclude summary adjudication of this issue. The Court will therefore address these legal arguments in its review of "all of the circumstances of the case at hand." *See Local 117 v. United States,* 468 F.2d at 948.

■ First, the Court rejects the assertion that Plaintiff has waived its right to seek penalties. In its brief to the FERC, Plaintiff merely argued against application of the exclusionary rule to the administrative proceedings. It nowhere implied that it would not seek civil penalties at any time in the future.

■ Based on the holding of the Emergency Court of Appeals in *United States v. Arizona Fuels,* 638 F.2d 239, 243 (Em.App. 1980), the Court also finds that it can, in the exercise of its discretion, impose a substantial penalty by interpreting each day as a separate violation subject to the fine set out in 15 U.S.C. § 754(a)(3).

■ In its review of all of the circumstances of this case, the Court has found three factors especially important. First, militating in favor of the imposition of penalties, is Defendants' continuing failure to comply with the Remedial Order. However, Defendants have offered a explanation for this failure: the belief that they could challenge the agency order in a future enforcement action. While this belief cannot excuse Defendants' failure to timely appeal the final agency action, *see* note 2, *supra,* it is a reasonable explanation for its failure to comply with the provisions of the final order.

Two factors militate against the imposition of penalties. First and foremost is the uncontroverted evidence that, during the five-month period in question, Defendants were acting with the good-faith belief that they were complying with applicable rules and regulations. *See Citronelle–Mobile Gathering, Inc. v. Herrington,* 826 F.2d 16, 28 (Em.App.) (upon a finding of good faith, district court declined to assess penalties), *cert. denied, Chamberlain v. United States,* 484 U.S. 943, 108 S.Ct. 327, 98 L.Ed.2d 355 (1987). Thus, a primary purpose of a civil penalty, deterring future

violations of the law, would not be served in this case. Also, to the extent that Defendants' actions have forced the government to spent time and money in bringing this enforcement action, these actions are excused by Defendants' attempts to resolve this matter by settlement and by their belief that they could legally challenge the merits of the final agency action. Weighing these factors, the Court finds that a penalty is inappropriate in this case.

(2) Based on the Court's ruling on Plaintiff's Summary Judgment motion, Defendants' Motion to Remand or for Partial Summary Judgment is DENIED.

(3) Plaintiff's Motion to Strike is DENIED as moot.

DONE and ORDERED.