**Sule K. NYASUMA, Plaintiff,**

v.

**Michael L. DONLEY, Acting Secretary, Department of the Air Force, Defendant.**

**Civ. A. 93–146–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 8, 1994.

---

Robert E. Bergman, Warner Robins, GA, for plaintiff.

Frank L. Butler, III, Macon, GA, for defendant.

## *ORDER*

OWENS, Chief Judge.

Before the court is defendant's motion for summary judgment. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## *FACTS*

In 1974, plaintiff Sule K. Nyasuma began work as a civilian electronic mechanic at Robins Air Force Base in Warner Robins, Georgia. In April 1978, plaintiff received a copy of his personnel file for review. After reviewing the file, plaintiff signed the last page of the copy and returned it to the personnel office with no changes.[1]

In 1984 and 1988, plaintiff filed discrimination complaints against the United States Air Force based on low work appraisals. Plaintiff contended that he received the low appraisals based on his race. The record does not reflect the disposition of these complaints.

On November 15, 1991, plaintiff went to the Civilian Personnel Office at Robins Air Force Base for the purpose of updating his personnel file. On November 19, plaintiff received a copy of his personnel file for review. Plaintiff determined that there were several problems with the file in that certain items were apparently omitted or misstated.[2] On several occasions between November 19, 1991, and December 10, 1991, plaintiff went to the personnel office to resolve the discrepancies in the file. On December 10, 1991, plaintiff reviewed the updated file. Again, plaintiff discovered that an entry had been omitted. After contacting the personnel office about this omission, plaintiff's personnel file was finally completed to plaintiff's satisfaction on December 13, 1991.[3]

On December 20, 1991, plaintiff contacted an EEO counselor regarding his belief that the problems with his personnel file were the result of racial discrimination. On January 13, 1992, plaintiff met with an EEO counselor. The counselor informed plaintiff that plaintiff's claim may not be timely because his contact with the EEO counselor took place more than thirty days after the November 19, 1991 incident. *See* 29 C.F.R. § 1613.-214(a)(1)(i) (1992). On January 14, 1992, plaintiff informed the EEO counselor that he became aware of the discrimination on December 9, 1991, not November 19, 1991, as he had previously stated. The EEO counselor, however, believed that the change in dates was merely an attempt to avoid the thirty-day contact requirement. Accordingly, the counselor determined that plaintiff's contact was not timely. Plaintiff then filed a formal

---

1. The file showed that defendant had completed an electronics course (V9HY) in 1971, receiving 8 credit hours. The copy also showed a 1959 class, but did not list credit hours or a course number.

2. The file showed that defendant had completed a 1971 course in electronics (V9HY), a 1959

course, and a 1991 course in data processing (S3AY).

3. The completed file showed a 1959 course, a 1961 course in electronics (V9HY), a 1971 course in electronics (V9HY), and a 1991 course in data processing (S3AY).

complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC agreed with the EEO counselor and dismissed plaintiff's complaint. Plaintiff requested that the EEOC reopen the case. The EEOC refused and issued a right to sue letter. On May 11, 1993, plaintiff filed suit against defendant United States Air Force under Title VII.

## DISCUSSION

Plaintiff asserts that (1) defendant retaliated against plaintiff for engaging in activity protected by Title VII and (2) defendant denied plaintiff training and promotion opportunities in violation of Title VII. Defendant filed a motion to dismiss based on a failure to exhaust administrative remedies. Because the motion referred to matters outside the pleadings, the court ordered that the motion would be treated as a motion for summary judgment. Accordingly, the parties were given (30) days in which to submit additional material. After consideration of defendant's motion, the court requested the parties to brief the court as to the merits of plaintiff's claim. In response to the court's request, defendant submitted a supplemental memorandum in support of its motion for summary judgment in which it contends that plaintiff cannot establish a prima facie case for either retaliation or denial of opportunity under Title VII. Plaintiff, however, responded by asserting that a genuine issue of material fact exists as to whether or not a prima facie case can be established.

Rule 56 of the Federal Rules of Civil Procedure requires the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmoving party must put forth more than a "mere 'scintilla'" of evidence; "there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a

jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *United States v. Metropolitan Petroleum Co.,* 743 F.Supp. 820, 823 (S.D.Fla.1990).

## I. Retaliation

To establish a prima facie case of employer retaliation under Title VII, a plaintiff must prove by a preponderance of the evidence: (1) the plaintiff engaged in activity protected under Title VII; (2) the employee "was disadvantaged by an action of the employer simultaneously with or subsequent to such opposition or participation; and (3) that there is a causal connection between the protected activity and the adverse employment action." *Morgan v. City of Jasper,* 959 F.2d 1542, 1547 (11th Cir.1992). Plaintiff has failed to meet this burden. In his complaint, plaintiff has alleged two separate acts of discrimination. The first act of alleged discrimination took place on November 19, 1991, when plaintiff discovered that his personnel file had been mismanaged. The second alleged act of discrimination took place on December 10, 1991, when plaintiff discovered a new mistake in his personnel file. The court will address both incidents within the context of a retaliation claim under Title VII.

### A. November 19, 1991

Plaintiff contends that on November 19, 1991, he discovered that his personnel file had been mismanaged by the personnel office at Robins Air Force Base. Plaintiff asserts that the reason the file was mismanaged was because plaintiff had filed discrimination charges against the Air Force in 1984 and 1988.

Assuming that plaintiff can establish that he engaged in protected activity in 1984 and 1988, plaintiff has failed to put forth any evidence that the problems with his personnel file arose "simultaneously with or subsequent to" such activity. In fact, as the record indicates, the problems in plaintiff's personnel file—as the file existed on November 15, 1991—arose as early as 1978, well before plaintiff engaged in the protected activity.

### B. December 10, 1991

Subsequent to his November 19, 1991 "discovery" of the problems with his personnel file, plaintiff alleges that defendant retaliated against him on December 10, 1991, when the Robins personnel office omitted an entry that had previously been coded correctly. Plaintiff contends that the December 10, 1991 incident is a separate act of discrimination by defendant. Unlike the November 19, 1991 incident, there is no question that the December 10, 1991 error in the personnel file took place "subsequent to" the protected activity. Plaintiff, however, has failed to bring forth any evidence to establish a causal connection between the protected activity and the personnel office's mismanagement of his file. A causal connection is not established solely because the alleged act of discrimination took place after the protected activity. Although in some situations the fact that the alleged act of discrimination took place subsequent to the protected activity may help establish the causal connection, in this case, the three-year gap between the plaintiff's activity in 1988 and the alleged act of discrimination in 1991 weighs heavily against that assumption.

Further, the 1984 and 1988 incidents concerned plaintiff's complaint over low work appraisals. Plaintiff has shown no connection between the employees responsible for the work appraisals and those employees responsible for the personnel files. Although a plaintiff is not required to bring forth any specific type of evidence to overcome a defendant's motion for summary judgment, the plaintiff must go beyond the pleadings and set forth "enough of a showing that the jury could reasonably find for that party." *Walker*, 911 F.2d at 1577. As noted above, plaintiff has failed to meet this burden.

Plaintiff has failed to establish a prima facie case of retaliation based on either the November 15, 1991 incident or the December 10, 1991 incident. Accordingly, defendant's motion for summary judgment as to plaintiff's claims of retaliation is **GRANTED.**

### II. Denial of Opportunity

Plaintiff contends that defendant's intentional mismanagement of his personnel file resulted in lost promotion and training opportunities for plaintiff. The traditional four-part model for establishing a prima facie case of discrimination under Title VII is: (1) plaintiff must show he belongs to a protected class; (2) "that he applied for and was qualified for a job for which the employer was seeking applicants"; (3) "that, despite his qualifications, he was rejected; and [(4)] that, after his rejection, the position remained open...." *Maddox v. Claytor*, 764 F.2d 1539, 1546 (11th Cir.1985). This model, however, is not intended as an "'inflexible rule'"; the facts and circumstances of each case will dictate the exact parameters of a plaintiff's prima facie case. *Maddox*, 764 F.2d at 1546.

The facts in this case make the application of the traditional prima facie case difficult, if not impossible, to apply. In this case, plaintiff contends that the failure to properly manage his personnel file resulted in the loss of promotion and training opportunities. In this situation, plaintiff would satisfy his prima facie case by showing: (1) that he belonged to a protected class; (2) his personnel file contained incorrect entries; (3) the existence of promotion and training opportunities during the period in which his file was incorrectly managed; and (4) that as a result of the mismanagement, plaintiff was not eligible for the promotion and training opportunities. "Establishment of the prima facie case triggers a rebuttable presumption of discrimination." *Id.* The defendant may rebut the presumption by articulating a non-discriminatory reason for the action. *Id.* If the defendant rebuts the presumption, the burden shifts back to the plaintiff to establish that the defendant's proffered reason is pretextual. *Morgan*, 959 F.2d at 1548. "The ultimate burden[, however,] of persuading the court that the defendant employer intentionally discriminated against the plaintiff remains, at all times, upon the plaintiff." *Moulds v. Wal–Mart Stores, Inc.*, 935 F.2d 252, 254 (11th Cir.1991).

Plaintiff has failed to establish a prima facie case for denial of opportunity. Although plaintiff has established the existence of incorrect entries in his personnel file, plaintiff has failed to set forth any evidence of the existence of promotion and training

opportunities during the period in which his file was incorrectly maintained. Assuming, however, that such opportunities existed, plaintiff has also failed to set forth the personnel requirements necessary for access to those opportunities.[4] Accordingly, defendant's motion for summary judgment on plaintiff's denial of opportunity claims is **GRANTED.**

### CONCLUSION

Defendant's motion for summary judgment on plaintiff's Title VII claims is **GRANTED.**

**SO ORDERED.**

---

4. Attached to defendant's supplemental memorandum is the affidavit of Patricia W. Lambert, an employee in the Civilian Personnel Office at Robins Air Force Base. Ms. Lambert's affidavit states:

> The vocational training that Mr[.] Nyasuma is complaining about would make no difference whatsoever in whether he appeared on a promotion register. Mr[.] Nyasuma came to Robins AFB in 1975 at the WG–08 level. He was subsequently promoted to the WG–11 level. The vocational training he speaks of would be

important only if he were attempting to be hired or promoted to a WG–08 position.... [T]he presence or absence of such training in his career brief is irrelevant to his promotional opportunities....

(Lambert Aff. at ¶ 2.) As indicated, the omissions in plaintiff's file would have no effect on promotion opportunities beyond an entry level position. Plaintiff has failed to set forth any evidence to create a question of fact as to this issue.