**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul Patric McBRIDE,**
**Defendant-Appellant.**

**No. 83–1770.**

United States Court of Appeals,
Tenth Circuit.

April 17, 1986.

Nancy Nesbitt Blevins, Asst. U.S. Atty. (Frank Keating, U.S. Atty. with her on brief), Tulsa, Okl., for plaintiff-appellee.

Paul P. McBride, McBride & Bodenhamer, Jenks, Okl., pro se.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

This is an appeal from a district court judgment enforcing an order issued by the Federal Aviation Administration (FAA) on August 6, 1979, requiring defendant-appellant to surrender his airman's certificate for a 180 day suspension and assessing a $1,000 civil penalty for earlier noncompliance with the FAA's suspension order. 49 U.S.C. §§ 1487(a), 1471(a)(1), 1473(b)(1) & 1487(b). In a bench trial, the district court did not allow appellant to collaterally attack the FAA's order. Appellant contends that the order is void on both procedural and substantive grounds and, therefore, may not be enforced. We disagree and affirm.

By letter dated May 3, 1979, by certified mail, the FAA sent appellant notice of a proposed suspension of his airman's certificate for 180 days and until such time as appellant obtained a valid medical certificate. See 49 U.S.C. § 1429(a);[1] 14 C.F.R. § 13.19. The F.A.A. alleged that appellant

---

1. Section 1429(a) provided in pertinent part:

 The Administrator ... may, from time to time, reexamine any civil airman. If, as a result of any such ... reexamination, or if, as a result of any other investigation made by the Administrator, he determines that safety in air commerce or air transportation and the public interest requires, the Administrator may issue an order amending, modifying, suspending, or revoking, in whole or in part, any type ... airman certificate.... Prior to amending, modifying, suspending, or revoking any of the foregoing certificates, the Administrator shall advise the holder thereof as to any charges or other reasons relied upon by the Administrator for his proposed action and, except in cases of emergency, shall provide the holder of such a certificate an opportunity to answer any charges and be heard as to why such certificate should not be amended, modified, suspended, or revoked. Any person whose certificate is affected by such an order of the Administrator under this section may appeal the Administrator's order to the National Transportation Safety Board and the National Transportation Safety Board may, after notice and hearing, amend, modify, or reverse the Administrator's order if it finds that safety in air commerce or air transportation and the public interest do not require affirmation of the Administrator's order. In the conduct of its hearings the National Transportation Safety Board shall not be bound by the findings of fact of the Administrator. The filing of an appeal with the National Transportation Safety Board shall stay the effectiveness of the Administrator's order unless the Administrator advises the National Transportation Safety Board that an emergency exists and safety in air commerce or air transportation requires the immediate effectiveness of his order in which event the order shall remain effective and the National Transportation Safety Board shall finally dispose of the appeal within sixty days after being so advised by the Administrator. The person substantially affected by the National Transportation Safety Board's order may obtain judicial review of said order under the provisions of section 1486 of this title, and the Administrator shall be made a party to such proceedings.

had operated an aircraft: 1) without holding a valid medical certificate in violation of 14 C.F.R. § 61.3(c), 2) without familiarizing himself before the flight with all available flight information including tower frequencies in violation of 14 C.F.R. § 91.5, 3) without maintaining two-way radio communication with the tower in violation of 14 C.F.R. § 91.87(b), 4) without receiving appropriate clearance for taxiing and takeoff from air traffic control in violation of 14 C.F.R. § 91.87(h), 5) outside of basic VFR weather minimums by operating in a control zone beneath the ceiling when the ceiling was less than 1,000 feet in violation of 14 C.F.R. § 91.105(c), 6) in a careless or reckless manner so as to endanger the life of another in violation of 14 C.F.R. § 91.9, and also 7) failing to present his logbook when requested to do so in violation of 14 C.F.R. § 61.51(d)(1).

The May 3, 1979, letter indicated that an order for suspension would issue unless appellant elected to proceed under a different option within 15 days from his receipt of the letter. 14 C.F.R. § 13.19(c). This letter was returned to the FAA unclaimed by appellant.

On August 6, 1979, the FAA issued its order suspending appellant's private pilot certificate as of August 24, 1979, and for 180 days from the date of actual surrender. The order was sent by certified mail and was returned to the FAA unclaimed by appellant. On September 17, 1979, the FAA sent appellant, by certified mail, the suspension order and requested that he surrender his certificate. This letter was returned to the FAA unclaimed by appellant, however, the FAA resent the letter by regular mail on October 16, 1979, and it was not returned. Appellant acknowledges receipt of this letter. Record at vol. IV, p. 18.

The trial evidence indicates that appellant was later sent more information concerning the suspension order and he then appealed to the National Transportation Safety Board (NTSB). 49 C.F.R. § 821.30; record at vol. II, plaintiff's trial exh. 5 & 6. In his notice of appeal to the NTSB received February 7, 1980, appellant requested that he not be sent certified mail.[2]

The FAA filed its complaint before the NTSB with the NTSB administrative law judges (ALJ's) and sent a copy by certified mail to appellant. 49 C.F.R. §§ 821.31 & 821.35. This letter was returned to the FAA unclaimed by appellant but remailed by regular mail on March 25, 1980. Appellant responded by letter dated April 18, 1980. In February 1981, the office of the ALJ sent appellant a preliminary notice of hearing setting the hearing on May 11, 1981, in Tulsa. In March 1981, the ALJ sent appellant the official notice of hearing which included the hearing location. 49 C.F.R. § 821.37.

The initial decision of the ALJ affirmed the FAA's suspension order when appellant failed to appear at the hearing on May 11, 1981. 49 C.F.R. §§ 821.35(b)(10) & 821.42. The next day appellant wrote the ALJ explaining that he was absent because he went to the United States Courthouse rather than the location contained in the notice of hearing. The ALJ suggested that the letter be docketed as an appeal to the full NTSB on May 18, 1981. See 49 U.S.C. § 1903(a)(9).

On July 15, 1981, appellant received a letter from the General Counsel of the NTSB informing him that although his May 12, 1981, letter to the ALJ had been docketed as an appeal from the initial decision of the ALJ, he was to advise by July 30, 1981, whether the letter should be treated as a notice of appeal and whether he

**2.** 49 U.S.C. § 1485(c) provides:

Service of notices, processes, orders, rules, and regulations upon any person may be made by personal service, or upon an agent designated in writing for the purpose, or by registered or certified mail addressed to such person or agent. Whenever service is made by registered or certified mail, the date of mailing shall be considered as the time when service is made.

Apparently, appellant received notices of certified mail but did not claim such mail because: 1) the mail was not sent to his office, 2) his long working hours precluded trips to the post office to pick it up, 3) he did not know who the sender was, and 4) if the FAA really wanted to contact him it could do so by telephone. Record at vol. IV, pp. 14-16, 19; at vol. II, plaintiff's trial exh. 8.

intended to submit a brief. See 49 C.F.R. §§ 821.47 & 821.48. The letter warned that a failure to timely respond would result in the closing of the appeal file.[3] Appellant, who is a practicing lawyer, took no further action based on a telephone conversation with an unidentified staff person in Washington, D.C. Record at vol. IV, p. 26. In August 1981, the NTSB General Counsel returned appellant's file to the NTSB so that the appeal could be closed. On August 19, 1981, the NTSB entered its final order denying the appeal and making final the FAA's suspension order of August 6, 1979.

The present enforcement action was filed February 19, 1982, by the government and appellant was served personally on March 31, 1982. Default judgment was entered against appellant on April 27, 1982; it was later set aside on October 19, 1982. The judgment enforcing the FAA's order and assessing a $1,000 civil penalty was entered May 27, 1983. Appellant timely appealed.

Appellant also sought review of the NTSB's final order of August 19, 1981, by seeking permission to file an appeal out of time with this Court. Under 49 U.S.C. § 1486(a),[4] and absent reasonable grounds for not timely filing, appellant had 60 days from the date of entry of the NTSB's August 19, 1981, order to appeal. Appellant's motion for leave to file an untimely appeal was filed July 8, 1983, almost two years

after the NTSB order, and was denied by a two-judge panel of this Court. *McBride v. N.T.S.B.*, Misc. No. 83–8041 (10th Cir. Aug. 9, 1983).

Appellant contends that the FAA's suspension order is void for lack of due process and unenforceable. He maintains that under 49 U.S.C. § 1429(a), supra note 1, he was entitled to be advised of the charges and given an opportunity to answer them. The district court decided not to allow inquiry into the procedural or substantive merits of the suspension order and it is this decision appellant now contests.

 The trial judge correctly recognized that the FAA's suspension order was not subject to collateral attack in district court. *Gaunce v. deVincentis,* 708 F.2d 1290, 1292–94 (7th Cir.), cert. denied, 464 U.S. 978, 104 S.Ct. 417, 78 L.Ed.2d 354 (1983); *Carey v. O'Donnell,* 506 F.2d 107, 110–11 (D.C.Cir.1974), cert. denied, 419 U.S. 1110, 95 S.Ct. 783, 42 L.Ed.2d 806 (1975). Congress has provided that judicial review of orders of the FAA and NTSB shall be by direct appeal exclusively to the courts of appeals. 49 U.S.C. §§ 1486(a) & (d);[5] *Nevada Airlines, Inc. v. Bond,* 622 F.2d 1017, 1020 (9th Cir.1980); *City of Rochester v. Bond,* 603 F.2d 927, 934–35 (D.C.Cir.1979). Even though appellant's claims are of constitutional dimension, they could have been addressed had he followed the statutory procedure for review of the suspension or-

---

**3.** 49 C.F.R. 821.43 provided:

If an appeal from the initial decision is not timely filed with the Board by either party, or the Board on its own initiative does not decide within 20 days after the issuance of the initial decision to review it, the initial decision shall become final. However, the initial decision shall not be deemed to be a precedent binding on the Board. The timely review by the Board or the filing of such an appeal or motion shall stay the order in the initial decision.

**4.** 49 U.S.C. § 1486(a) then provided:

Any order, affirmative or negative, issued by the Board or Administrator under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 1461 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District

of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore.

See also 49 U.S.C. § 1903(d).

**5.** 49 U.S.C. § 1486(d) then provided:

Upon transmittal of the petition to the Board or Administrator, the court shall have exclusive jurisdiction to affirm, modify, or set aside the order complained of, in whole or in part, and if need be, to order further proceedings by the Board or Administrator. Upon good cause shown and after reasonable notice to the Board or Administrator, interlocutory relief may be granted by stay of the order or by such mandatory or other relief as may be appropriate.

der. 49 U.S.C. §§ 1429(a) & 1486(a) & 49 C.F.R. §§ 821.30 to 821.50; *Robinson v. Dow,* 522 F.2d 855, 858 (6th Cir.1975). The sixty day time period for appealing the NTSB's order affirming the FAA's suspension order had long since expired when this Court denied appellant's motion for leave to file an untimely appeal. See *Northwest Airlines v. F.A.A.,* 675 F.2d 1303, 1306 (D.C.Cir.1982). From this it follows that the district court was without jurisdiction to consider appellant's collateral attack on the suspension order. *Kesinger v. Universal Airlines, Inc.,* 474 F.2d 1127, 1131–32 (6th Cir.1973).

We have reviewed the record and conclude that the district court's enforcement of the suspension order was proper, 49 U.S.C. § 1487, and that the finding of a single civil violation under 49 U.S.C. § 1471(a)(1) is supported by sufficient evidence. See Fed.R.Civ.P. 52(a); *F.A.A. v. Landy,* 705 F.2d 624, 628 (2d Cir.), cert. denied, 469 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232 (1983) (clearly erroneous standard).

AFFIRMED.