**UNITED STATES of America, by Raymond J. DONOVAN, Secretary of Labor, Plaintiff-Appellee,**

v.

**HOWARD ELECTRIC COMPANY, a corporation, Defendant-Appellant.**

No. 85–1144.

United States Court of Appeals, Tenth Circuit.

Aug. 4, 1986.

Albert B. Wolf (Robert H. Winter, Wolf & Slatkin, with him on brief), Wolf & Slatkin, Denver, Colo., for defendant-appellant.

Morris R. Parker, Jr. (Francis X. Lilly, Sol. of Labor, Frank A. White, Associate Sol. for Occupational Safety and Health, Joseph M. Woodward, Counsel for Appellate Litigation, and Andrea C. Casson, Asst. Counsel for Appellate Litigation, with him on brief), U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, TIMBERS * and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

On September 26, 1983, the United States of America, acting through Raymond J. Donovan, Secretary of Labor (Secretary), commenced an action in Colorado federal district court against Howard Electric Co. (Howard). The action sought collection of a penalty previously assessed by an Administrative Law Judge (ALJ) in proceedings before the Occupational Safety and Health Review Commission (Commission). Howard and the Secretary filed cross motions for summary judgment. Howard contended that the district court did not have jurisdiction to order payment of the penalty because the Commission lacked subject matter jurisdiction to assess the penalty. The Secretary argued that the district court could not review the ALJ's determination of subject matter jurisdiction and was thus bound by the ALJ's decision. The district court denied Howard's motion and granted summary judgment in favor of the Secretary, awarding the Secretary the amount of the penalty as assessed. Howard appeals this order of the district court. We affirm.

On April 1, 1980, the Secretary cited Howard pursuant to 29 U.S.C. § 658(a)[1] for violating certain provisions of the Occupational Safety & Health Act of 1970, 29 U.S.C. §§ 651–678 (OSHA). The citation directed payment of an $8000 civil penalty.

Howard timely submitted its notice of contest in accordance with 29 U.S.C. § 659(c), which was served on the Secretary April 14, 1980. On April 30, 1980, the Secretary filed a motion to stay the proceeding, pending a determination as to whether criminal action should be pursued against Howard. The Commission granted the stay, but limited it to a period of sixty days.

On March 5, 1981, approximately 225 days after the expiration of the Commission's order, the Secretary filed a motion to indefinitely extend the stay of proceedings. The Commission granted this motion. On February 1, 1982, the Commission entered an order requiring the Secretary to report on the status of this matter, and called for a response within twenty days. Finally, on March 11, 1982, the Secretary responded, filing its motion to vacate the stay order along with its complaint. 29 C.F.R. § 2200.33(a). The Commission granted the motion and accepted the complaint. The complaint was filed 596 days after the Commission's original stay had expired. The Secretary never sought leave to file a late pleading as required by 29 C.F.R. § 2200.5 because he believed that the initial stay was to apply indefinitely.

In answering the complaint pursuant to 29 C.F.R. § 2200.33(b), Howard raised the defense that the Commission did not have jurisdiction over the subject matter of the proceedings due to the Secretary's failure to file a timely complaint. The ALJ considered the issue, and concluded that the Commission's jurisdiction was established when Howard filed its notice of contest, and that Howard had confused the jurisdictional defense with a defense of an untimely and unauthorized complaint. The ALJ found that the Commission did have subject matter jurisdiction, and that the Secretary had not acted in such purposeful disobedi-

* The Honorable William H. Timbers, United States Senior Circuit Judge for the Second Circuit, sitting by designation.

1. All statutory references are to the United States Code, 1982 edition. Since certain subsections of the original Occupational Safety and Health Act of 1970 amended statutes in various

titles of the Code, these subsections were omitted from the statutes codified under title 29. As a result, various cases and compilation services have chosen to redesignate some of the title 29 subsections. This redesignation is not reflected in the United States Code, 1982 edition.

ence of Commission rules to warrant dismissal.

The order of the ALJ was mailed to the parties, accompanied by a notice of decision which advised the parties that the order would become the final order of the Commission on December 6, 1982, unless a member of the Commission directed that the order be reviewed. 29 U.S.C. §§ 659(c) and 661(j). Howard contends that it never received this mailing, but does not dispute that it received a copy of the ALJ's order or that it was aware of the Commission review procedures. Moreover, Howard submitted a timely petition for review of the ALJ's decision on December 2, 1982, specifically alleging that the ALJ's decision regarding jurisdiction was erroneous. 29 C.F.R. § 2200.91. No member of the Commission directed the case for discretionary review, and the ALJ's decision became a final order of the Commission on December 6, 1982. 29 U.S.C. §§ 659(c) and 661(j); 29 C.F.R. §§ 2200.90(b)(3) and 2200.91(d).

After the ALJ's decision became the final order of the Commission, Howard had sixty days in which to obtain judicial review of the decision by the court of appeals. 29 U.S.C. § 660(a). Howard never pursued such appeal.

On April 13, 1983, the Secretary requested payment of the penalty. Howard refused. The Secretary filed the action to collect the penalty in federal district court.

29 U.S.C. § 666(l). Cross motions for summary judgment were filed, and both Howard and the Secretary stipulated that such motions were dispositive of the case. In granting the Secretary's motion, the trial judge found that the ALJ's decision was not subject to collateral attack, and that Howard's collateral attack amounted to an attempt by Howard to obtain judicial review of the ALJ's decision by the district court.

Howard argues that the Commission's decision is subject to collateral attack in the district court because the decision is based upon the jurisdiction of the Commission, and thus goes to the validity of the Commission's order. Howard contends that the district court may rule on the Commission's jurisdiction, because if the Commission's exercise of jurisdiction was improper[2], the penalty assessment was void and cannot be enforced. We disagree.

" [T]he mode of challenging an agency's jurisdictional decision is by direct attack. *Callanan Road Co. v. United States*, 345 U.S. 507, 512, 73 S.Ct. 803, 806, 97 L.Ed. 1206 [1953]. A party may not collaterally attack the validity of a prior agency order in a subsequent proceeding." *McCulloch Interstate Gas Corp. v. Federal Power Comm'n*, 536 F.2d 910, 913 (10th Cir.1976). In the present case, as in *McCulloch*, the appellant was given a direct, exclusive means by which to gain judicial review of

**2.** We note that it was the filing of the notice of contest by Howard that invoked the jurisdiction of the Commission. 29 U.S.C. § 659(c); *Donovan v. International Union, Allied Industrial Workers*, 722 F.2d 1415, 1418 (8th Cir.1983); *Asarco, Inc.*, 80 OSHARC 99 A/3, 8 BNA OSHC 2156, 1980 CCH OSHD ¶ 24,838 (No. 79–6850, 1980). The filing of a complaint is not mandated by the statutory grant of jurisdiction, but is simply a procedural rule promulgated by the Commission pursuant to 29 U.S.C. § 661(g). The complaint and answer are filed simply to formulate the issues to be resolved by the Commission. *Asarco, Inc.*, 80 OSHARC 99 A/3, 8 BNA OSHC 2156, 1980 CCH OSHD ¶ 24,838 (No. 79–6850, 1980). "Failure to file any pleading pursuant to these rules when due, may, in the discretion of the commission or the judge, constitute a waiver of the right to further participation in the proceedings." 29 C.F.R. § 2200.-38. Thus, although the Secretary's delay in fil-

ing could have resulted in a dismissal of the Secretary and his claims, such dismissal would result from the exercise of the Commission's discretion and not from any jurisdictional defect.

The cases cited by Howard to support its contention that the filing requirements are mandatory and that failure to follow these requirements should result in dismissal of the action simply rely on the Commission's discretion in dismissing an action for failure to comply with the procedural rules. *See Asarco, Inc.*, 80 OSHARC 99 A/3, 8 BNA OSHC 2156, 1980 CCH OSHD ¶ 24,838 (No. 79–6850, 1980); *TRG Drilling Corp.*, 81 OSHARC 108/D10, 10 BNA OSHC 1268, 1981 CCH OSHD ¶ 25,837 (No. 80–6008, 1981). These cases do not indicate that failure to follow the procedural rules by the Secretary as a litigant will strip the Commission of its statutory grant of jurisdiction which was invoked by Howard's notice of contest.

the agency's jurisdictional determination in the court of appeals, but failed to pursue that remedy.

■ The district court action provided for in 29 U.S.C. § 666(*l*)[3] is a collection procedure only, while the determination of violation and penalty is left to the administrative process. *Mohawk Excavating, Inc. v. Occupational Safety and Health Review Commission,* 549 F.2d 859, 863–64 (2nd Cir.1977). "[N]either the fact of the violation nor the propriety of the penalty assessed may be retried" in the district court action. *Atlas Roofing Co., Inc. v. Occupational Safety and Health Review Commission,* 430 U.S. 442, 447, 97 S.Ct. 1261, 1265, 51 L.Ed.2d 464 (1977). The statutory framework setting forth the applicable administrative process allows for a resolution of all issues at the Commission level, with the opportunity for judicial review exclusively in the court of appeals. 29 U.S.C. §§ 659(c) and 660(a); *Brennan v. Occupational Safety and Health Review Commission,* 502 F.2d 30, 32 (5th Cir. 1974). The special review statute (29 U.S.C. § 660(a))[4] which vests jurisdiction to review Commission orders in the court of appeals precludes the exercise of original jurisdiction by other courts in all cases covered by the special review statute. *Investment Company Institute v. Board of Governors of the Federal Reserve System,* 551 F.2d 1270, 1279 (D.C.Cir.1977).

■ In the present case, the jurisdictional determination was made by the Commission as a necessary part of its decision to assess the penalty against Howard. Such decision was reviewable by the court of appeals upon a timely filed petition seeking review. 29 U.S.C. § 660(a). Thus, judicial examination of the jurisdictional decision in this case is covered by 29 U.S.C. § 660(a), and the district court has no jurisdiction to examine the decision rendered by the Commission. *Cf. United States v. McBride,* 788 F.2d 1429, 1432–33 (10th Cir.1986) (holding improper a collateral attack of an unappealed FAA suspension order in the district court enforcement action). Congress did not provide the district courts with the authority to entertain collateral attacks upon Commission decisions, and allowing such an exercise of authority in the context of a 29 U.S.C. § 666(*l*) collection action would effectively circumvent the exclusive, statutorily-created procedures and allow judicial review of Commission decisions by the district courts.

■ Likewise, this court is now without jurisdiction to grant the relief Howard requests. The provisions of 29 U.S.C. § 660(a) allow this court to review Commission orders if such orders are appealed within sixty days following the date they become final. Clearly, appeal was not taken within the sixty-day period. The sixty-day limitation on filing the appeal is jurisdictional, and Howard's failure to file an appeal within that period precludes this court from now reviewing the Commission's order. *Consolidated-Andy, Inc. v. Donovan,* 642 F.2d 778, 779 (5th Cir.1981); *Midway Industrial Contractors, Inc. v. Occupational Safety and Health Review Commission,* 616 F.2d 346, 347 (7th Cir. 1980); *Hoerner Waldorf Pan American Bag Co., Inc. v. Occupational Safety and Health Review Commission,* 614 F.2d 795, 796 (1st Cir.1980).

**3.** 29 U.S.C. § 666(*l*) provides that:

Civil penalties owed under this chapter shall be paid to the Secretary for deposit into the Treasury of the United States and shall accrue to the United States and may be recovered in a civil action in the name of the United States brought in the United States district court for the district where the violation is alleged to have occurred or where the employer has its principal office.

**4.** 29 U.S.C. § 660(a) provides in part:

Any person adversely affected or aggrieved on an order of the Commission issued under subsection (c) of section 659 of this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit, by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside.

Howard's argument that it was prejudiced because it never received the notice of decision as mailed by the ALJ is meritless. It is undisputed that Howard received a copy of the order, knew the proper procedures for appealing to the Commission, and did in fact timely lodge such an appeal. Howard was not prejudiced by any failure to receive the notice of decision.

Howard also raises other arguments questioning the preclusive effect of the Commission's decision in the district court proceeding. However, because we hold that the district court did not have jurisdiction to examine the propriety of the penalty assessment, we need not address those arguments.

AFFIRMED.