**PETROTECH TRADING CO. and David L. Hooper, Defendants–Appellants,**

v.

**UNITED STATES of America, Plaintiff–Appellee.**

No. 5–134.

Temporary Emergency Court of Appeals.

Decided Jan. 4, 1993.

Judgment Entered Jan. 19, 1993.

David L. Hooper, Abilene, TX, was on the briefs, for defendants-appellants.

Thelma Quince–Colbert, Asst. U.S. Atty., Fort Worth, TX, and Marc E. Kasischke, Office of General Counsel, U.S. Dept. of Energy, Washington DC, were on the briefs, for plaintiff-appellee.

Before GARZA, METZNER and DAUGHERTY, JJ.

METZNER, Judge.

Defendants Petrotech Trading Co. ("Petrotech") and David L. Hooper, its president, appeal from an order of the United States District Court for the Northern District of Texas granting plaintiff's, the United States of America, motion for sum-

mary judgment and denying defendants' motion for summary judgment.

The appellee has moved for summary affirmance pursuant to Temp. Emer.Ct.App.R. 26.

On August 30, 1985, OHA issued a Remedial Order to Petrotech and Hooper finding that from April 1979 through March 1980, appellants had violated 10 C.F.R. §§ 210.62(c) and 212.186 by charging prices for crude oil in excess of its purchase price and performing no service or other function traditionally associated with crude oil reselling. Petrotech and Hooper appealed the remedial order to the Federal Energy Regulatory Commission (FERC). However, Petrotech and Hooper failed to comply with orders of the Administrative Law Judge in that appeal, and on April 20, 1988, appellants' appeal was dismissed with prejudice by FERC for lack of prosecution.

Pursuant to the Petroleum Overcharge Distribution and Restitution Act of 1986 (PODRA), 15 U.S.C. § 4504(e), Petrotech and Hooper could have sought judicial review of FERC's final order up to 60 days following its effective date. PODRA provides in pertinent part that:

> [a]ny review of a final agency action determined under section 7193 or 7194 of Title 42 may not be initiated in any court by any person subject to such action after ... 60 days after the effective date of the action.

15 U.S.C. § 4504(e). However, no such appeal was ever taken by either Petrotech or Hooper.

On May 10, 1990, after DOE had unsuccessfully sought to collect the overcharges from Petrotech and Hooper, DOE filed a complaint in the Northern District of Texas to enforce the final remedial order. Both parties cross-moved for summary judgment. In opposing the government's motion, appellants argued that the remedial order was invalid because in promulgating 10 C.F.R. § 212.186, DOE had exceeded its statutory authority and violated the Constitution.

Relying on this court's decision in *ICG Petroleum, Inc. v. United States Dept. of Energy*, 883 F.2d 80, 83 (Temp.Emer.Ct.App.1989), *cert. denied*, 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 321 (1989), and *United States v. Metropolitan Petroleum Co.*, 743 F.Supp. 820, 823–26 (S.D.Fla.1990), the district court held that the defendants' failure to initiate judicial review within the 60 day period specified in 15 U.S.C. § 4504(e) barred further review of the remedial order and entered judgment against the appellants on October 18, 1991.

The sole issue before this court is whether the district court correctly determined that 15 U.S.C. § 4504(e) barred further judicial review.

In *ICG Petroleum Inc. v. United States Dept. of Energy, supra*, this court held that 15 U.S.C. § 4504(e) bars further judicial review when a party has failed to timely appeal a FERC order. Nonetheless, appellants contend that *ICG Petroleum Inc. v. DOE*, is not controlling here because § 4504(e) should not preclude challenges to the validity of agency action when those challenges are premised on the grounds that the agency violated its statutory mandate or the constitution. Specifically, appellants argue that § 212.86 is invalid because DOE failed to provide notice of the rule and an opportunity to comment prior to adoption of the rule, in contravention of § 4 of the Administrative Procedure Act, 5 U.S.C. § 553 and § 5(a)(1) of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 754(a)(1); and failed to make an environmental impact study as mandated by § 102(2)(C) of the National Environmental Policy Act. In addition, Petrotech and Hooper contend that a remedial order grounded on these statutory lapses violated their due process rights.

To support their argument that these purported statutory and constitutional derogations permit judicial review of the remedial order, appellants rely on Supreme Court cases which hold that a jurisdictional withdrawal statute will not preclude a court from hearing constitutional claims or claims that the agency in question has exceeded its authority. *See, e.g., Breen v. Selective Service Local Board*, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); *Oestereich v. Selective Service System Local Bd.*, 393 U.S. 233, 89 S.Ct. 414, 21

L.Ed.2d 402 (1968). The case law cited by appellants is inapplicable in the instant litigation. In both of the cited cases, the statute which precluded judicial review was not a statute of limitations, as is the situation here, but a statute which denied jurisdiction on the grounds of subject matter. For example in *Oestereich*, the jurisdiction withdrawal statute in question, § 10(b)(3) of the Military Selective Service Act of 1967, limited judicial review of draft status until the individual was actually inducted into the armed forces.

Unlike *Oestereich* or *Breen*, in this case judicial review was not precluded and appellants were not deprived of the right to challenge an agency action. Had the appellants sought review of the FERC's final order within the time limitation provided, the district court would have ruled on their claims that DOE's procedures denied them due process or that the Department acted outside the scope of its authority.

It is well settled that "[a] constitutional claim can become time-barred just as any other claim can." *Block v. North Dakota, ex rel. Board of University and School Lands*, 461 U.S. 273, 292, 103 S.Ct. 1811, 1822, 75 L.Ed.2d 840 (1983), and that a defendant in a government enforcement proceeding may be precluded by the applicable statute of limitations from challenging the validity of the agency's action. *See United States by Donovan v. Howard Electric Co.*, 798 F.2d 392, 395 (10th Cir. 1986); *Western Nebraska Resources Council v. Environmental Protection Agency*, 793 F.2d 194, 198 (8th Cir.1986); *United States v. Metropolitan Petroleum Co., supra*, 743 F.Supp. at 825.

For the reasons stated above, the appellee's motion for summary affirmance is granted.