25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald E. SOMMER, Plaintiff-Appellant,
v.
FEDERAL AVIATION ADMINISTRATION, an agency of the United
States of America, Defendant-Appellee.
 No. 92-1287.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.[2]
 
 
 2
 Donald E. Sommer appeals from a district court order denying his petition for a writ of mandamus. He sought the writ to compel officials of defendant Federal Aviation Administration (FAA) to modify a 180-day suspension order issued as part of a settlement the parties had reached in a civil disciplinary proceeding. Plaintiff did not contest the penalty, but alleged the order violated the agreement by "list[ing] multiple violations of Federal Air Regulations to which [Mr. Sommer] did not agree or confess." App. at 2. The district court held mandamus relief "precluded by the availability of other adequate means to attain the relief desired[,][f]or example, ... an action for breach of contract against the FAA." Id. at 29.
 
 
 3
 On appeal, we review the denial of mandamus relief only for an abuse of discretion. See Franchi v. Manbeck, 972 F.2d 1283, 1289 (Fed. Cir.1992); see, e.g., Marathon Oil Co. v. Lujan, 937 F.2d 498, 500 (10th Cir.1991). However, we consider de novo whether the legal prerequisites for mandamus are present. See Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986), cert. denied, 483 U.S. 1021 (1987); see also Marathon Oil Co., 937 F.2d at 500 (mandamus is within discretion of issuing court "[o]nce the conditions [for issuing the writ] are satisfied " (quotation omitted and emphasis added)). See generally Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992)(questions of law are reviewed de novo).
 
 
 4
 To qualify for mandamus relief, a petitioner must show "a clear right to the relief sought, a plainly defined and peremptory duty on the part of the respondent to do the action in question, and no other adequate remedy available. Petitioner must also show that his right to the writ is 'clear and indisputable.' " Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990)(citations omitted). The district court relied on the third condition to find Mr. Sommer ineligible for mandamus relief. We affirm the district court's ultimate conclusion that mandamus is not available, but, for reasons discussed below, relate the legal deficiency of the petition instead to the first two conditions.
 
 
 5
 "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361. Moreover, through 28 U.S.C. 1331(federal question jurisdiction), the district courts have jurisdiction to review agency action under the pertinent provisions of the Administrative Procedures Act (APA), which also contemplate enforcement of agency duties through "writs of ... mandatory injunction," i.e., mandamus, see 5 U.S.C. 703, 706. Under appropriate circumstances, these two statutory remedies act in complementary fashion, providing concurrent bases for district court jurisdiction. See, e.g., Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown, 656 F.2d 564, 566-67 (10th Cir.1981); Ryan v. Shea, 525 F.2d 268, 271-72 (10th Cir.1975). Both were invoked by Mr. Sommer.
 
 
 6
 We agree with the district court's observation that the availability of an adequate alternative remedy against the government, suggested in the present context under the Tucker Act, codified at 28 U.S.C. 1346(district court jurisdiction) and 1491(court of federal claims jurisdiction), would bar relief under both statutory sources Mr. Sommer relies on. See New Mexico v. Regan, 745 F.2d 1318, 1321-23 (10th Cir.1984), cert. denied, 471 U.S. 1065 (1985); United States v. O'Neil, 767 F.2d 1111, 1113 (5th Cir.1985). However, with certain exceptions not relevant here, only a claim whose "prime objective" or "essential purpose" is the recovery of money damages is cognizable under the Tucker Act. Hamilton Stores, Inc. v. Hodel, 925 F.2d 1272, 1278 (10th Cir.1991); Bobula v. United States Dep't of Justice, 970 F.2d 854, 859 (Fed. Cir.1992)("While limited equitable relief is sometimes available in Tucker Act suits, the equitable relief must be incidental to and collateral to a claim for money damages.").
 
 
 7
 Mr. Sommer emphasizes that the only relief he seeks is a writ directing the FAA to amend the language in his suspension order to reflect the terms of the parties' (nonpecuniary) settlement agreement. Since contract damages are plainly inappropriate as a substitute for such relief, the Tucker Act does not provide an alternative remedy to exclude the one invoked here.[3] See Bowen v. Massachusetts, 487 U.S. 879, 910 (1988)("since the orders [sought under 1331 and the APA] are for specific relief ... rather than for money damages ... relief in these cases is not barred by the possibility that a purely monetary judgment may be entered [under the Tucker Act]"). Compare Hamilton Stores, Inc., 925 F.2d at 1276-79 (Tucker Act did not bar claims under APA and 1361 for injunction, mandamus, and declaratory judgment "devoid of any direct or indirect demand for compensatory relief") with Regan, 745 F.2d at 1321-23 (same claims barred by Tucker Act where "the suit is essentially one designed to reach money which the government owns" and such claims "are merely incidental and subordinate to the basic suit for money").
 
 
 8
 More importantly, however, even if Mr. Sommer had sought damages, the Tucker Act would not have been applicable under the circumstances of this case. "The contract liability which is enforceable under the Tucker Act ... does not extend to every agreement ... which can semantically be stated in terms of offer and acceptance or meeting of minds." Kania v. United States, 650 F.2d 264, 268 (Ct.Cl.), cert. denied, 454 U.S. 895 (1981). To invoke jurisdiction under the Act, there must be a true contract with the government which would "entitle the plaintiff to money damages in the event of the government's breach." Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir.1990). Mr. Sommer's administrative plea bargain simply cannot be forced into the category of ordinary contractual relations governed by the Tucker Act. Cf., e.g., Roy v. United States, No. 91-2659-CIV, 1993 U.S. Dist. LEXIS 2848, at * 8-* 10 (S.D. Fla. Feb. 22, 1993)(Act inapplicable to plea bargain); Drakes v. United States, 28 Fed. Cl. 190, 193-94 (Cl.Ct.1993)(same); cf. also Kania, 650 F.2d at 268-69(Act inapplicable to agreement extending transactional immunity in exchange for witness' grand jury testimony). In short, while a plea agreement creates a duty owed by the government to the party who has conceded culpability in exchange therefor, it is not a contract and its breach does not generate civil contractual remedies. Johnson v. Sawyer, 980 F.2d 1490, 1501 (5th Cir.1992), amended on other grounds, 4 F.3d 369 (1993); see United States v. Olesen, 920 F.2d 538, 541-42 (8th Cir.1990)("Plea agreements are like contracts; however, they are not contracts, and therefore contract doctrines do not always apply to them.").
 
 
 9
 This substantive distinction between an ordinary contractual obligation, enforceable under the law of private contracts, and an official duty assumed pursuant to a plea bargain or similar agreement, enforceable rather as a matter of due process, see Mabry v. Johnson, 467 U.S. 504, 509 (1984); see, e.g., United States v. Pelletier, 898 F.2d 297, 301-03 (2d Cir.1990), is significant for another reason. A suit against the federal government to compel performance of a contract "requires the specific consent of the sovereign." Bobula, 970 F.2d at 860. However, "[t]he only remedy to which the United States has consented in cases of breach of contract is to the payment of money damages [under the Tucker Act]." Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir.1989). The government's waiver of sovereign immunity as to claims "seeking relief other than money damages," pursuant to the APA, "does not extend to actions founded on a contract with the United States". Southeast Kansas Community Action Program, Inc. v. Secretary of Agric., 967 F.2d 1452, 1456 & n. 5 (10th Cir.1992). Consequently, "[f]ederal courts do not have the power to order specific performance by the United States of its alleged contractual obligations." Coggeshall Dev. Corp., 884 F.2d at 3; see Bobula, 970 F.2d at 860. On the other hand, there is no doubt that the federal courts may order specific performance of plea bargains. See Santobello v. New York, 404 U.S. 257, 263 (1971); United States v. Maranzino, 860 F.2d 981, 984-85 (10th Cir.1988). The proper characterization of the government's alleged duty in this case, particularly its distinction from an ordinary contractual obligation, is, thus, also critical to establish the sovereign's amenability to suit.
 
 
 10
 That brings us, finally, to the specific terms of the parties' settlement agreement and the dispositive issue whether Mr. Sommer can show a clear right to the relief sought and a plainly defined, peremptory duty on the part of the FAA to provide it. The agreement states in pertinent part:
 
 
 11
 I [Mr. Sommer] acknowledge that I violated Section 43.15(a) of the Federal Aviation Regulations[4] on or about October 1, 1985 when I inspected a Cessna Model 170B, N432W. I acknowledge that the inadvertent violation occurred because the required documentation of the updated and improved control wheels and left rudder pedals was not found in the aircraft file.
 
 
 12
 In exchange for this acknowledgment, the Administrator will withdraw its Order of Revocation dated July 1, 1987 and substitute an order of suspension setting forth a reduced sanction of 180 day suspension of [Mr. Sommer's] Inspection Authorization Certificate, with said suspension to be 90 days retroactive and 90 days prospective.
 
 
 13
 ....
 
 
 14
 This agreed settlement is in full satisfaction of the pending enforcement matter and no further certificate action will be taken thereon by the [FAA].
 
 
 15
 App. at 4. Mr. Sommer contends his specific acknowledgment of the one omission regarding documentation of the modified control wheels and rudder pedals precluded the FAA from retaining numerous others--all relating to the same October 1, 1987 inspection--in its "Substitution of Order of Suspension" issued following the settlement. See Appellee's Supplemental App. at 54-55.
 
 
 16
 Nothing in the settlement agreement, drafted by Mr. Sommer's counsel, see id. at 64, 68, expressly and affirmatively requires the FAA to delete references to the other omissions underlying Mr. Sommer's admitted regulatory violation. If this point were indeed essential to the settlement, appropriate language could have been included easily enough. In contrast, the agreement plainly accomplishes the paramount objective of reducing an outright revocation of Mr. Sommer's certificate to the lesser penalty of suspension.
 
 
 17
 Mr. Sommer advances what is, at the very most, a debatable construction of the parties' agreement. As we have seen, however, he must show a clear and indisputable entitlement to justify the extraordinary remedy of mandamus specifically requested in his pleadings. This showing simply has not been made on our record. Because the prerequisites for issuance of a writ of mandamus--plaintiff's chosen remedy--are not satisfied, we affirm the denial of such relief.[5]
 
 
 18
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 We note that, ordinarily, we would be concerned with yet another principle of exclusive jurisdiction. Because "Congress has provided that judicial review of orders of the FAA and NTSB shall be by direct appeal exclusively to the courts of appeals," FAA suspension orders are not subject to collateral attack in district court. United States v. McBride, 788 F.2d 1429, 1432-33 (10th Cir.1986)(citing 49 U.S.C. 1486(a),(d)). Thus, in the usual case, the aggrieved party's objections to a suspension order must be presented solely through the procedure of administrative appeal followed by judicial review provided under 1486. McBride, 788 F.2d at 1432-33. Here, however, Mr. Sommer withdrew his administrative appeal as a condition of the parties' settlement and, upon moving to reopen and/or pursue a belated appeal based on FAA's alleged breach, was told the Board lacked jurisdiction to resolve this ancillary settlement dispute. App. at 12 (following Administrator v. Rippee, 4 N.T.S.B. 1041, 1042 (1983), which held remedy for breach of settlement agreement "lies, not in this agency, but in the courts, where judicial enforcement of the terms of the settlement ... may be sought"). Under the circumstances, we adopt the Board's view that this action is directed at the parties' settlement obligations rather than the suspension order per se, and therefore do not deem it prohibited under McBride
 
 
 [4]
 15 C.F.R. 43.15(a) requires a person inspecting an aircraft to determine whether it meets all applicable airworthiness requirements
 
 
 [5]
 We express no opinion regarding either the availability, applicability, or efficacy of other remedies under 1331 and the APA never pursued by plaintiff