**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ELAINE CHAO, Secretary of Labor,
United States Department of Labor,

Plaintiff-Appellee,

v.

DARWIN STRATTON & SON, INC.;
CLAYTON STRATTON; TODD
STRATTON; and JOHNPATRICK:
MORGAN, individually,

Defendants-Appellants.

No. 02-4170
(D.C. No. 2:01-CV-673-S)
(D. Utah)

---

ORDER AND JUDGMENT  *

---

Before **MURPHY** and **PORFILIO** , Circuit Judges, and  **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*        This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellee Elaine Chao, Secretary of the United States Department of Labor (Secretary), sought a permanent injunction, pursuant to 30 U.S.C. § 818(a)(1) and Fed. R. Civ. P. 65(a), to enjoin defendants-appellants Darwin Stratton & Son, Inc., Clayton Stratton, Todd Stratton and Johnpatrick: Morgan (collectively "Stratton") [1] from violating the Federal Mine Safety and Health Act of 1977 (Mine Act), 30 U.S.C. §§ 801-962, by refusing to permit the Secretary's representatives to conduct safety and health inspections of two mines. The district court granted the permanent injunction, enjoining Stratton from (1) interfering with, hindering or delaying the Secretary's representatives from carrying out the provisions of the Mine Act; (2) refusing to admit the Secretary's representative into their mining sites; and (3) refusing to permit inspection or investigation of the mines. We have jurisdiction over this appeal, *see* 28 U.S.C. § 1291, and we affirm. [2]

---

[1] Clayton Stratton is the former owner of Stratton; Todd Stratton is its president; and Johnpatrick: Morgan is Stratton's personal representative/agent, and he holds a security interest in the company. Aplt's Br. at 19.

[2] Stratton improperly characterizes this appeal as a writ of error coram nobis. A writ of error coram nobis is "directed to a court for review of its own judgment." *See* Black's Law Dictionary 338 (7th ed. 1999).

Stratton owns or controls two mine sites, the Airport Pit and the Rattlesnake Pit, in Washington County, Utah. Stratton refused mine access to inspectors from the Mine Safety and Health Administration (MSHA). The MSHA is required to

> make frequent inspections and investigations [of] . . . mines each year for the purpose of (1) obtaining, utilizing, and disseminating information relating to health and safety conditions, the causes of accidents, and the causes of diseases and physical impairments originating in such mines, (2) gathering information with respect to mandatory health or safety standards, (3) determining whether an imminent danger exists, and (4) determining whether there is compliance with the mandatory health or safety standards or with any citation, order, or decision.

30 U.S.C. § 813(a). Because Stratton denied access, the Secretary brought this action for injunctive relief under 30 U.S.C. § 818(a)(1)(B), (C), which permits the Secretary to institute a federal "civil action for relief, including a permanent or temporary injunction, restraining order" when a mine operator "refuses to admit [MSHA] representatives to the . . . mine" or "interferes with, hinders, or delays the Secretary or [her] authorized representative . . . in carrying out" MSHA duties.

The district court held a hearing and determined that Stratton "interfered with, hindered, delayed, and refused admittance to and not permitted the Secretary's authorized representative . . . to inspect . . . the Airport Pit and the Rattlesnake Pit." Order and Permanent Inj. at 2; *see* R., Vol. V at 37.

-3-

Additionally, the court found that Stratton's actions were continuing and capable of repetition and that they were contrary to the public interest. The district court, therefore, granted injunctive relief.

Stratton argues this court should reverse the district court's grant of injunctive relief. We review the district court's grant of injunctive relief for an abuse of discretion. *See Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 (10th Cir. 1992). We accept the district court's factual findings unless they are clearly erroneous and review the district court's application of legal principles de novo. *Mitchell v. City of Moore*, 218 F.3d 1190, 1198 (10th Cir. 2000).

"A court may issue a permanent injunction where the moving party has demonstrated that: (1) the exercise of jurisdiction is appropriate; (2) the moving party has actually succeeded on the merits of its claim; and (3) the balance of equities favors granting injunctive relief." *Chao v. Rothermel*, 327 F.3d 223, 228 (3d Cir. 2003) (quotation omitted).

Stratton asserts the district court should not have issued the permanent injunction because the Secretary and MSHA lack jurisdiction over the Airport and Rattlesnake Pits. The Secretary counters that under the doctrines of law of the case or collateral estoppel Stratton cannot litigate jurisdiction, because two administrative cases conclusively decided the jurisdiction issue and Stratton did not appeal those decisions.

With respect to the Rattlesnake Pit, the Administrative Law Judge (ALJ) found, after holding an evidentiary hearing, which no representative of Stratton attended, that the Rattlesnake Pit is a small sand and gravel mine; sand and gravel are extracted from a dry stream bed and transported to an adjacent wash plant and stockpiled. *Darwin Stratton & Son Inc. v. Sec'y of Labor*, 22 F.M.S.H.R.C. 1265, 1267 (2000). The ALJ held

> that MSHA has jurisdiction to inspect the Rattlesnake Pit. The facilities at that pit easily fit within the definition of "coal or other mine" in section 3(h)(1) of the Mine Act. Minerals are extracted from the earth, the extracted minerals are milled at the wash plant, and the resulting product is sold to customers. The milling consists of separating the sand from the unusable material and then cleaning the sand. The functions performed at this pit are the same as are typically found at sand and gravel pits throughout the country. Courts and the [Federal Mine Safety and Health Review] Commission have consistently held that sand and gravel pits are subject to MSHA jurisdiction. Because the products of this pit enter or affect commerce, the pit is subject to the provisions of the Mine Act . . . .

*Id.* at 1269; *see also Sec'y of Labor v. Darwin Stratton & Son, Inc.*, 24 F.M.S.H.R.C. 817, 818, 820 (2002) (recognizing prior finding of jurisdiction).

Likewise, the ALJ found that the Airport Pit fit within the Mine Act's definition of a mine, because rock is extracted from the pit and sized and crushed at the mine site. *Sec'y of Labor v. Darwin Stratton & Son, Inc.*, 24 F.M.S.H.R.C.

403, 404 (2002). [3] The ALJ also found that "'operations or products of [the Airport Pit] affect commerce.'" *Id.* at 405 (quoting 30 U.S.C. § 803). "The machinery and equipment used to produce the products at the Airport Pit were manufactured outside the State of Utah and the products of the pit are sold to customers within Utah." *Id.* Thus, the ALJ concluded the Airport Pit is also subject to the provisions of the Mine Act. *Id.*

Although Stratton could have filed a petition for discretionary review of the ALJ's decisions with the Commission, *see* 30 U.S.C. § 823(d)(1), (2)(A)(i), Stratton did not do so. Thus, the ALJ's decision became the final order of the Commission. *Id.* § 823(d)(1). A final order of the Commission may be appealed to a federal court of appeals. *See id.* at § 816(a)(1); *see also Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 208 (1994) (recognizing court of appeals' jurisdiction is exclusive). Although Stratton had a direct and exclusive means to gain judicial review of the ALJ's jurisdiction determinations in this court, Stratton did not appeal to this court. *Cf. United States by Donovan v. Howard Elec. Co.*, 798 F.2d 392, 394-95 (10th Cir. 1986) (assessing similar appeal procedure for Occupational Safety and Health Review Commission final decision). Stratton's failure to challenge the Secretary's jurisdiction on direct review precludes Stratton's

_____

[3]    We note that Stratton's description of its operations at the Airport Pit and Rattlesnake Pit are quite similar to the ALJ's findings.

collateral attack of the ALJ's decisions in this later proceeding. *See id.* This court now has no jurisdiction to review the ALJ's decisions.

Furthermore, the statutory-review scheme did not give the district court jurisdiction to review the ALJ's jurisdictional determinations. The district court in this case held that because the ALJ's decisions resolved the jurisdictional issue and Stratton did not file the proper appeal, the ALJ's decisions stand as the law of the case. *See* R., Vol. V at 17-18. "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) (quotation omitted); *see McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 & n.1 (10th Cir. 2000); *see also* 18B Charles Allan Wright et al., Federal Practice and Procedure § 4478 at 637-39 (2d ed. 2002) ("Law-of the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. They do not apply between separate actions.") (footnote omitted). *But cf. Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986) ("The law of the case rule applies . . . when a federal district court reviews matters previously considered in state court involving the same parties."). The case before the district court and now before this court on appeal is not the same case as the cases before the ALJ, because it is not merely a continuation of

the litigation before the ALJ. Thus, we conclude that the doctrine of the law of the case is inapplicable here. [4]

Instead, we determine that the doctrine of collateral estoppel applies. *See Ross v. United States Marshal*, 168 F.3d 1190, 1194 n.2 (10th Cir. 1999) (appellate court may affirm district court's judgment on alternate ground not relied on by that court if there is support for doing so in record). "Collateral estoppel . . . means . . . that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1022 (10th Cir. 2001) (citing *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.").

> To apply collateral estoppel, the following elements must be established: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

---

[4] And we therefore reject Stratton's assertion that the ALJ cases were the beginning of the instant case. *See* Reply Br. at 1.

*Harrison*, 248 F.3d at 1022.

All four of these elements are established in this case. The ALJ finally decided the same jurisdictional issue presented here. The parties to this appeal are the same or are in privity with Darwin Stratton & Son, Inc., the party to the ALJ actions. Finally, Stratton had a full and fair opportunity to litigate jurisdiction before the ALJ, because Stratton had an opportunity to present evidence if Stratton chose to do so,[5] Stratton did not claim a denial of due process by the ALJ, the ALJ applied the correct legal standards, and it was forseeable that the ALJ's decision would have preclusive effect, *see Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1212 (10th Cir. 2001).

The Secretary therefore showed the district court's exercise of jurisdiction in granting injunctive relief was appropriate. *See Rothermel*, 327 F.3d at 228. Also, the Secretary succeeded on the merits of her claims. *See id.* Stratton does not dispute that MSHA inspectors were denied entry to the Pits, and it is likely Stratton will continue to deny entry to them. Finally, the Secretary proved the balance of equities favor granting injunctive relief. *See id.* at 228-29. Refusal to permit inspections poses a threat to miners' health and safety. *See* 30 U.S.C.

---

[5] Stratton chose not to participate in the ALJ case concerning the Rattlesnake Pit. *See Darwin Stratton & Son Inc.*, 22 F.M.S.H.R.C. at 1267. In the case involving the Airport Pit, Mr. Morgan appeared on behalf of Stratton. *See Darwin Stratton & Son, Inc.*, 24 F.M.S.H.R.C. at 403.

§ 801(g) (setting forth purpose for adopting Mine Act). These health and safety goals outweigh any inconvenience or problems for Stratton.

Accordingly, we conclude the district court did not abuse its discretion in granting a permanent injunction against Stratton. *See Prows*, 981 F.2d at 468. [6]

The judgment of the district court is AFFIRMED. Stratton's motions (1) to present oral argument, (2) for "This Court to Place on the Record and Enforce the Appeal Rights of Appellants" and (3) objecting to the Secretary's supplemental authority are DENIED. Also, Stratton's requests that this court restrain the Secretary and order the Commissioners to decide an administrative appeal are DENIED. And we reject any other arguments not specifically addressed in this order and judgment.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[6] Stratton contends the district court violated Fed. R. Civ. P. 62(a) by enforcing the injunction during the pendency of this appeal. Reply Br. at 2-3. The plain language of the rule provides that after a district court enters a final order in an injunction action, that final order " *shall not be stayed* . . . during the pendency of an appeal." Fed. R. Civ. P. 62(a) (emphasis added).